# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD JEANE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1071 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GARY C. GALLOWAY, | ) | |
| | ) | |
| Defendant. | ) | |

---

| | | |
|---|---|---|
| GARY GALLOWAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1124 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| RICHARD JEANE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Jeanes have filed an Answer in Civil Action No. 18-1124. Neither the Complaint nor the Answer in 18-1124 make reference to "RANGE RESOURCES APPALACHIA – LLC" – at least with respect to that entity being a party properly before the Court. Accordingly, the Clerk of Court will be instructed to remove Range Resources from the caption in Civil Action No. 18-1124.

In addition, the Court has reviewed the Jeanes' Motion (Doc. 7 in 18-1071) to consolidate the two cases, and the request is well-taken. Pursuant to the undersigned's Practices &

Procedures, Mr. Galloway had eleven days to file a response in opposition to the Jeanes' (non-dispositive) Motion; and none has been offered.[1]

Even had Mr. Galloway opposed consolidation, the Court does not believe that it could be dissuaded. As the Jeanes' counsel highlights, the Galloways' causes in 18-1124 would qualify as "Compulsory Counterclaims" to the prior-filed claims in 18-1071. *See* Fed. R. Civ. P. 13(a)(1). Although questions may remain regarding whether a Rule 13(a)-exception applies, consolidating these actions plainly would be consistent with the Rule's spirit and intent.[2]

Finally, it appears that consolidation would be in the interests of the parties, and the Court, in terms of efficiency and orderly judicial administration. In 18-1124, an Answer has been filed, and the next step would be to establish discovery and related case-management deadlines. In 18-1071, a Motion to Dismiss has been filed, and it is ripe for adjudication. It makes little sense for the parties to proceed to discovery, in either of the cases, with threshold Rule 12(b) challenges pending.

---

[1] *See* Ps & Ps at § II.F (available at the webpage: http://www.pawd.uscourts.gov/content/cathy-bissoon-district-judge). The Motion to Consolidate was filed on September 7, 2018, and any response was due by September 18th. Even were counsel unaware of the Ps & Ps, the Court's text-Order dated September 18th (*see* Doc. 11) alerted the parties that motions-practice would be governed thereunder, and it advised that "no [separate] briefing schedule[s] will issue." *Id.* Giving counsel every benefit of the doubt, eleven days after the September 18th Order would have resulted in a due-date of October 1st. Had Mr. Galloway wished to oppose consolidation, he had more than ample time and opportunity to do so. *Cf.* Order dated Nov. 30, 2018 (Doc. 7 in 18-1124) (highlighting the pendency of the request-to-consolidate, and noting the lack of response in opposition).

[2] Under Rule 13(a)(2)(A), "[t]he pleader need not state the claim if . . .[,] when the action was commenced, the claim was the subject of another pending action." *Id.* Here, the Jeanes filed their Complaint in federal court on August 16th; the Galloways filed their state-court action on August 20th; and the Jeanes *served* their federal-Complaint on Mr. Galloway on August 28th. *See generally* Doc. 7 in 18-1071 at 2 (summarizing time-frames, confirmed/reflected in the record). Whether Rule 13 specifically applies is somewhat beside the Court's point; namely, that the structure and intent of Rule 13(a) favor consolidation.

Consistent with the foregoing, the Jeanes' Motion to Consolidate (**Doc. 7 in 18-1071**) is **GRANTED**, as follows. The two cases are consolidated, under Lead Case No. 18-1071, until otherwise ordered. All pleadings, motions and other papers related to 18-1124 shall be filed at the Lead Case, 18-1071; and counsel for the Galloways in 18-1124 will be added to the docket in 18-1071 (as will Sandra Galloway, who is a Plaintiff in 18-1124 but not a Defendant in 18-1071). In the meantime, Civil Action No. 18-1124 will be administratively closed, for statistical purposes only. The administrative closure has no effect on the parties' substantive rights.

Otherwise, adjudication of the claims in 18-1124 will be held in abeyance, pending resolution of the Motion to Dismiss in 18-1071.

IT IS SO ORDERED.

January 7, 2019                                s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record