# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JEANE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 18-1071 (Lead Case) |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| GARY C. GALLOWAY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant's Motion to Dismiss (Doc. 9) will be denied.

This case involves a residential real estate sale. In Civil Action No. 18-1071, Plaintiffs are the buyers and Defendant is the seller. Defendant seeks dismissal on a number of grounds, none of which are convincing.

Before examining Defendant's Motion, the Court believes that two overarching observations are warranted. First, many of Defendant's arguments rely on propositions that cannot properly be addressed at the Rule 12(b)-stage; most obviously, the fact that Plaintiffs rented the home, for some time, prior to "discovering" the alleged material defects. While this *may* undermine Plaintiffs' legal positions, whether as a matter of law (on summary judgment) or of credibility (at trial) – it cannot form the basis for dismissal under Rule 12(b)(6). *See* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997) (on a motion to dismiss, the court is "not permitted to go beyond the facts alleged in the Complaint") (citations omitted); *see also* Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (the court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor") (citation omitted).

Second, Defendant's Motion is best-examined in relation to the most egregious facts alleged in the Complaint, namely, that Defendant deliberately concealed black mold growing in the house. *See* Compl. (Doc. 1) at ¶¶ 39-40 (Defendant "installed metal and wood panels over the black mold to hide them from view of potential buyers"). While Plaintiffs' other allegations may (or may not) present closer questions, if the most-intentional of the alleged conduct states a claim for relief, dismissal is inappropriate.

Turning to Defendant's Motion, he first argues that all claims should be dismissed pursuant to the integration-clause in the sales agreement, and the fact that the sale was "as is." The Court will address those arguments, shortly, but now highlights: the dovetailing of these theories, along with those related to Plaintiffs' pre-closing tenancy in the home, is inconsistent with the presently applicable legal standards.[1]

As for Defendant's arguments regarding the integration and "as-is" provisions, Plaintiffs have identified case law indicating that the parol evidence rule may be relaxed in this context − namely, where the provisions are "boilerplate" contents of a standard real estate contract, and the seller is alleged to have committed fraud-in-the-inducement. *See* Pls.' Opp'n Br. (Doc. 15) at 9-12 (citing LeDonne v. Kessler, 389 A.2d 1123 (Pa. Super. 1978) and its progeny). Those cases require a "balancing [of] the extent of the [buyer's] knowledge of objectionable conditions[,] derived from a reasonable inspection[,] against the extent of the coverage of the contract's integration clause[,] in order to determine whether the [buyer] could justifiably rely upon [the seller's contrary] representations without insisting upon further contractual protection." Myers v. McHenry, 580 A.2d 860, 864 (Pa. Super. 1990) (quoting *LeDonne*);

---

[1] *See, e.g.*, Def.'s Br. (Doc. 10) at 7 (arguing that Plaintiffs did not justifiably rely on Defendant's alleged misrepresentations, based on the contractual provisions, as informed by Plaintiffs' prior tenancy).

*see also* Star v. Rosenthal, 884 F. Supp.2d 319, 333 n.9 (E.D. Pa. 2012) (recognizing that *LeDonne*'s reasoning may extend to "as is" clauses).

The Court is at a loss for how it properly may resolve these issues at the 12(b)-stage, in light of the allegations leveled. If Defendant did, in fact, do as Plaintiffs alleged (*e.g.*, intentionally concealed black mold with metal and/or wood paneling), it hardly can be said that Plaintiffs knew, or should have known upon reasonable inspection, of the objectionable condition(s). Even were Defendant to disagree, these analyses certainly are not fit for resolution at the 12(b)-stage.

Defendant next argues that Plaintiffs' breach-of-contract claim, pursuant to the Pennsylvania Real Estate Disclosure Law, fails because Plaintiffs have not shown that Defendant possessed knowledge of the purported-defects. Once again, by reference to the black-mold allegations, Plaintiffs certainly have made plausible allegations of the requisite *scienter*. *See* Alpizar-Fallas, 908 F.3d at 914 ("all reasonable inferences [must be drawn] in the plaintiff's favor").

Defendant also seeks dismissal of Plaintiffs' negligent misrepresentation claim(s), based on the "gist of the action" and economic-loss doctrines. Counsel cites the *Bilt-Rite* line of cases, which addresses a narrow exception carved out for businesses providing professional-services that non-contracting third parties might be expected to rely upon (*e.g.*, architectural services). In response, Plaintiffs highlight other case-decisions engaging in different analyses, within the context of real estate sales. *See, e.g.*, Star v. Rosenthal, 884 F. Supp.2d at 328-29 (citations omitted). The Court finds Plaintiffs' cited-cases to be persuasive, and, at a minimum, they undermine Defendant's claimed-entitlement to dismissal.

3

Finally, Defendant's arguments for dismissal, based on a lack of pleading-specificity, are summarily rejected. Defendant's arguments are premised on the notion that Plaintiffs' legal theories are disqualified under the parol evidence rule – and that, once parol evidence is eliminated, there are insufficient allegations to warrant relief. *See* Def.'s Br. (Doc. 10) at 14-15. The Court already has determined that *LeDonne*-type analyses cannot properly be resolved, in the instant case, under Rule 12(b). Having rejected that notion, the foundational basis for Defendant's specificity-challenge is nullified.

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 9**) is **DENIED**.

IT IS SO ORDERED.


June 13, 2019                                         s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record