IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD JEANE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1071 (Lead Case) |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GARY C. GALLOWAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The parties' cross-Motions for Summary Judgment (Docs. 52 & 54), which are restricted to whether the Galloways (sellers) conveyed oil and gas rights to the Jeanes (buyers), will be denied.

Nearly all indications in the record are that the parties to this sale of real property intended <u>not</u> for oil and gas rights to be conveyed. The signed sales documents expressly so indicated. The deed did not, but (nearly) every indication is that this resulted from mutual mistake or scriveners error.

As to the Jeanes' discussions regarding the Galloways' alleged failure to timely respond to requests for admission ("RFAs"), it is inconceivable (given counsel for the Galloways' explanations) that the Court would deem the RFAs admitted under the circumstances presented. *See, generally, e.g.*, <u>KSure of New York Corp. v. Raineater, LLC</u>, 2013 WL 5411933, *1 (W.D. Pa. Sept. 26, 2013) ("the Court cannot condone legal strategies akin to 'gotcha!'-style litigation, where parties [persist] based on technical errors, [rather than on] the merits of the case"). The Court's strong favor for merits decisions aside, the ramifications of the penalty-proposed are grossly disproportionate to the delinquency-alleged.

The problem for the Galloways, however, is Ms. Jeane's testimony that she and Mr. Galloway had a verbal discussion indicating his assent to transferring the oil and gas rights. *See* Doc. 61 at 7-8 (citing record evidence). This discussion allegedly took place after the sales documents were signed, but before the deed was executed. *Id.*[1]

Given the strong evidence in the record that the retention of oil and gas rights was critical to the Galloways, Ms. Jeane's testimony seems rather peculiar (if not straining credulity). Nevertheless, the Court is required to credit her version of events for the purposes of summary judgment, and her testimony presents a genuine issue of material fact as to whether there was, in fact, a mutual-mistake. In light of the foregoing, neither side can demonstrate entitlement to summary judgment, and their Motions (**Docs. 52 & 54**) must be, and are, **DENIED**.

Because expert discovery already has been conducted, the next step in this litigation would be to set the case for trial. The Covid pandemic, however, complicates matters. Given the heightened implications of delaying jury trials in the context of criminal cases, such matters understandably will be given priority when jury trials resume. Although it would be foolhardy for the undersigned to offer predictions, it suffices to say that it could be quite some time before the Court is able to conduct a jury-trial in this case.

Also due to Covid, the parties have not enjoyed the opportunity to engage in Court-facilitated mediation. Although that normally would have occurred after the close of discovery (which was in the early-months of the pandemic), the parties instead were directed to engage in mediation efforts guided by Court-Order. *See* text-Order dated Apr. 8, 2020. Many Judges in

---

[1] Ms. Jeane's testimony is not as clear-cut as her counsel suggests. *See* Doc. 63-1 at ECF banner pgs. 92-95 of 116 (first testifying that Mr. Galloway agreed to give the Jeanes "half of his gas rights," but later suggesting that the agreement was for all). While discrepancies in Ms. Jeane's testimony may (or may not) be viewed as impacting her credibility, they do not undermine her plain assertion that Mr. Galloway agreed to transfer subterranean rights.

2

this Court now are conducting "in-person" mediations, via videoconference. Such an endeavor would be worthwhile in this case, and it will be ordered.

Consistent with the foregoing, District Judge Robert J. Colville graciously has agreed to mediate this case on behalf of the Court. In conjunction with this Order, the case will be referred to Judge Colville, for mediation-purposes only, and Judge Colville will enter order(s) governing all aspects of that process, including scheduling.

Finally, given the current posture, this case hereby is **STAYED** and **ADMINISTRATIVELY CLOSED**. Administrative closure is a docket control device used for statistical purposes, and it does not prejudice the rights of the parties in any manner. Once the ultimate path forward becomes clearer, the case promptly will be reopened and the stay lifted.

IT IS SO ORDERED.

February 25, 2021

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record